UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11485
Civil Docket #98-CV-70
_____

BURLINGTON NORTHERN SANTA FE CORP.,
A Delaware Corporation

BURLINGTON NORTHERN AND SANTA FE RAILWAY
COMPANY, A Delaware Corporation,

                                        Plaintiffs-Appellees,

                        versus

WILLIAM S. PURDY, ET AL,

                                        Defendants,

WILLIAM S. PURDY, An Individual,

                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Texas
_____

December 7, 1999

Before JONES and DENNIS, Circuit Judges, and PRADO*, District
Judge.

EDITH H. JONES, Circuit Judge:**

        William S. Purdy challenges the district court's grant of

summary judgment, which declared that his registration of the

_____

        *District Judge of the Western District of Texas, sitting by
designation.

        **Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

service mark "BNSF" with the United States Patent and Trademark Office is void ab initio and must be cancelled. Purdy argues that his service mark has been used in commerce continuously from 1993 to the present, that it is not mere "token use," and that his limited profit motive does not disqualify him or his company from establishing a valid service mark. Finding no error in the district court's contrary conclusion, we affirm.

We have reviewed the district court's opinion and the record evidence de novo. The district court correctly stated the applicable law and focused on the twin requirements of "use in commerce" to support a valid service mark registration: that the mark has been used in the promotion of services, and that the services identified by the mark have been rendered in interstate commerce. 15 U.S.C. § 1127 (emphasis added). As the court noted and legislative history demonstrates, mere token use is insufficient to justify federal registration. The court accepted all of Purdy's allegations as true and still found that "Purdy did not make a bona fide use of the mark BNSF in the ordinary course of trade before the mark was registered to him."

Having reviewed the summary judgment record, we must agree with the district court's application of the facts to the law. It is uncontested that Purdy has used the designation "BNSF" to promote the cause of enhancing railroad safety and that he has used business cards, flyers, markings on his car, and other devices emblazoned with "BNSF" for publicity and advertising purposes. Nevertheless, he has not fulfilled the second part of the test --

2

the actual rendition of services in interstate commerce -- except by sporadic and insubstantial transactions.  The record identifies only a handful of instances in which Purdy was paid anything for his "services," and all of these incidents involved work performed for long-time friends.  Nominal or token sales to personal friends do not constitute a <u>bona fide</u> commercial use of a trademark.  J. McCarthy, <u>McCarthy on Trademarks and Unfair Competition</u>, § 16:7 (4th ed. 1997) (citing cases).  For several years, Purdy has conducted information-gathering and -dissemination regarding railroad safety matters, but the record is bereft of evidence that he was engaged in trade or commerce using the "BNSF" mark.  Instead, Purdy's profession has been that of advocacy, apparently on behalf of a worthy cause.  While we do not belittle Purdy's activities, they do not demonstrate use of the service mark in furtherance of a business intended to provide services for reimbursement.

A recent circuit court decision reinforces our conclusion.  <u>Allard Enterprises, Inc. v. Advance Programing Resources, Inc.</u>, 146 F.3d 350 (6th Cir. 1998).  In <u>Allard</u>, the defendant's use of advertising materials was similar to that of Mr. Purdy, but the defendant had actually sold his employment services to third parties, and the entire purpose of the advertising was to promote the venture for profit.  Purdy's advertising has been devoted to consciousness-raising in the public rather than to the promotion of a business venture.  He rendered services for

reimbursement in connection with the advertising in only a <u>de minimus</u> fashion.  He used a mark, but not in trade.

For these reasons, the judgment of the district is approved and <u>AFFIRMED</u>.